IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TERESA CARRETTA, et al.**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **09-158-MJR** |
| | ) | |
| **MAY TRUCKING CO.**, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to compel the defendant to fully respond to interrogatories and requests for production. **(Doc. 21).** More specifically, plaintiffs' interrogatories 14, 19-24 and 26, and requests for production 1, 3, 5 and 25 are at issue. Plaintiffs stress that the defendant initially failed to formally lodge any objections within 30 days of service of the discovery requests, thereby waiving any and all objections.

The defendant responds that: (1) the plaintiffs' discovery requests go beyond the scope of discovery, which is limited at this juncture to venue and forum non conveniens; (2) the plaintiffs are attempting to seek discovery beyond the scope of a May 27, 2009 agreement between the parties that served to amend plaintiffs' discovery requests; and (3) the information and materials that have been provided by defendant to plaintiffs provide plaintiffs with the information they seek regarding mileage driven in Illinois and fees attendant thereto, and it would be unduly burdensome to dissect its files to determine Illinois entities with more specificity. **(Doc. 22).**

In reply, plaintiffs contend that: (1) the parties' *attempt* to negotiate some of their differences did not constitute a waiver or amendment of their initial discovery requests; and (2)

1

the defendants appear to be attempting to hide discovery materials and only produce them when plaintiffs' discover a discrepancy. **(Doc. 23).**

As a preliminary matter, it is noted that it is undisputed that the defendant did not timely respond to plaintiffs' initial discovery requests, thereby waiving any objections. *See* **Fed.R.Civ.P. 33 and 34.** With that said, plaintiffs did attempt to secure the requested information and materials without Court intervention, as required by Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 26.1(d). The parties apparently were able to resolve some of their differences and some information and materials were provided by defendant.

An e-mail dated May 27, 2009, sent from defense counsel to plaintiffs' counsel indicates that defense counsel was attempting to memorialize an agreement regarding the discovery in question. **(Doc. 22, pp. 11-12).** Defense counsel's understanding of what defendant agreed to produce and which issues plaintiffs purportedly had agreed to compromise on were set forth, followed by the statement: "Should any of this information be incorrect, please advise so that we can come to a resolution. I will be in contact with my client, and hope to give you amended responses shortly thereafter." **(Doc. 22, p. 11).** Apparently receiving no response to the e-mail message, on or about June 5, 2009, defense counsel submitted amended discovery responses in keeping with defendant's understanding of the May 27 agreement. On June 9, 2009, plaintiffs filed the subject motion seeking all information and materials requested via the original discovery requests but which had not been produced.

In keeping with Federal Rules of Civil Procedure 29, 33(b)(3) and 34(b), the parties are free to modify discovery requests and deadlines by written stipulation. Obviously, a writing is required so that the terms of parties' agreement, and the fact of an agreement, is clear and

thereby enforceable by the Court. Defense counsel's May 27, 2009, e-mail represents only an attempt to memorialize an agreement. There is no evidence that plaintiffs agreed to the modifications described by defendant. Although the e-mail contains "opt-out" language, that is not sufficient to exhibit an agreement between the parties. Therefore, the original discovery requests remain unaltered.

By attempting to obtain the requested discovery from defendant before seeking Court intervention (as required), plaintiffs did not abandon their right and/or demand for compliance without objection by defendant. (***See*** **Doc. 21-3, p. 1-4 (plaintiffs' counsel's e-mail to defense counsel reflecting plaintiffs' position regarding waiver of any objections)).** That is not to say that defendant's failure to timely respond to plaintiffs' discovery requests can be used to circumvent the parameters of discovery previously set by the Court's April 21, 2009, order **(Doc. 17)**. Therefore, the Court will review the discovery requests at issue to ensure they do not seek information that is clearly beyond the present scope of discovery.

A review of plaintiffs' interrogatories 14, 19-24 and 26 reveals that all but No. 14 clearly are aimed at securing information or sources of information linking the defendant and its trucking operations to Illinois. Depending on defendant's responses, the requested information or sources of information could also provide information contradicting defendant's position regarding venue or forum. Interrogatory No. 14 was the only request that on its face was not clearly withing the scope of relevance; it seeks, among other things, the identity of the officer, employee or agent of the defendant who has the most knowledge about driver qualification files, driver training, loss prevention and risk management, and fleet maintenance. However, for the aforestated reasons, the Court can perceive how these individuals could provide information that

either supports plaintiffs' position or contradicts defendant's position regarding venue and forum. Similarly, a review of plaintiffs' requests for production numbered 1, 3, 5 and 25 appear reasonably calculated to gain information within the current parameters of discovery.

The Court has also considered the burden imposed upon defendant to go beyond its current responses. Defendant contends that the information and materials that have been provided by defendant to plaintiffs is sufficient, and to require defendant to investigate beyond its client name-based filing system to determine which clients are Illinois entities is overly burdensome. Defendant further asserts that it has provided plaintiffs with over 100 pages of documentation, from which and the apportioned percentage of driving by jurisdiction can be extrapolated, along with the attendant fees. The Court does not perceive that it would be unduly burdensome for defendant to discern which clients are Illinois entities (Request No. 5), at least based on address. If defendant finds the task to burdensome, it can turn over its client list (with addresses) and plaintiffs can determine which specific contracts or agreements must be produced. Defendant has not elaborated on the nature of the burden complying with Requests 1, 3 and 25 would impose. On their face, the Court does not perceive the searches to be overly burdensome.

Insofar as plaintiffs allege that defendant has been less than forthcoming in its discovery response, plaintiff should file a separate motion if plaintiffs seek sanctions.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel **(Doc. 21)** is **GRANTED**. On or before **July 10, 2009**, defendant shall fully comply with plaintiffs' interrogatories 14, 19-24 and 26, and requests for production 1, 3, 5 and 25.

If plaintiffs' ability to file its response to the motion to dismiss by the July 20, 2009,

deadline is hindered, a motion seeking an extension of time must be sought from U.S. District Judge Michael J. Reagan. However, such extensions of time are highly disfavored, so an extension should not be presumed.

**IT IS SO ORDERED.**

**DATED: June 29, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**