IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA CARETTA, individually and as special administratrix of the estate of Alfred Carretta III, deceased; ASHLEY CARRETTA; ALFRED CARRETTA, IV; and JUSTIN CARRETTA,<br><br>    Plaintiffs<br><br>v.<br><br>MAY TRUCKING COMPANY,<br><br>    Defendant. | Case No. 09-CV-0158-MJR |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In this diversity case brought by the surviving family members of Alfred Carretta III, as a result of a vehicular collision, Defendant May Trucking Company has moved that the Court dismiss the suit for improper venue. In the event that venue is proper, May Trucking alternatively seeks transfer of venue to the District of Oregon or the Northern District of California. Because venue is proper in the Southern District of Illinois and because May Trucking has not satisfied the standards for a transfer of venue, the Court will deny its motion.

### I.    Facts

Motions regarding venue (either to transfer pursuant to 28 U.S.C § 1404 or to dismiss pursuant to Rule 12(b)(3)) are governed by the same standard as a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). *Gulf Ins. Co. v. Glasbrenner*, **417 F.3d 353, 355 (2d Cir. 2005).** If the motion is made solely on the pleadings and affidavits (i.e. no evidentiary hearing), the plaintiff need only make out a prima facie case of personal jurisdiction. *Id.* **(citing** *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, **338 F.3d 773, 782 (7th Cir. 2003)).** Additionally,

the Court assumes that the facts pleaded in the complaint are true and makes all favorable inferences in favor of the plaintiff. *Id.* at 1020 n.1 (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006); *Purdue*, 338 F.3d at 782). There is one difference among the venue motions. In the case of a motion to dismiss, the plaintiff has the burden of proof that venue is proper. *See GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009) (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)). In the case of a motion to transfer venue, the movant has the burden to show that transfer is appropriate. *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). For reasons stated herein, the Court concludes the plaintiffs have met their burden while the defendant has failed in its.

Based on the above standard, the Court will assume the following facts while deciding this motion. Around 1:45 PM on May 31, 2008, Alfred Carretta III and Edwin Soper were in a vehicular collision. Soper was driving a tractor-trailer that struck Carretta's pick-up truck on California State Route 12. Carretta had stopped, along with others in front of him, waiting for the Mokelumme River Bridge to reopen for vehicle traffic. As a result of this collision, Carretta sustained critical injuries that led to his death. At the time of the collision, Soper was May Trucking's employee and was driving the trailer for May Trucking. The part of California State Route 12 at which the collision occurred was in San Joaquin County, which is within the territory of the Northern District of California.

The surviving Carrettas are domiciled in Collinsville, Illinois, which is within the territory covered by the Southern District of Illinois. Decedent Carretta's particular domicile is in dispute between the parties; his immediate family lives in Illinois and he has an Illinois license and Illinois vehicle registration plates, but when arrested earlier that month before death he claimed that his address was his brother's in Northern California. As will be demonstrated later, his actual

domicile does not matter for the purposes of this motion. May Trucking is an Idaho corporation with a principal place of business in Oregon. May Trucking employs no officers and has no offices within the Southern District (or in Illinois for that matter). May Trucking does do significant business in Illinois, though. Its agents have traveled more than 2.2 million miles each year since 2005 in Illinois. Out of all of May Trucking's travel, the Illinois traffic amounted to less than 2% annually. These miles were not simply miles accumulated while passing from one state to the next; May Trucking drove those miles while executing pickups from clients ranging from 1399 to 1709 pickups from 2006–2008.

## II. Analysis

A. Venue

Even though incorporated and headquartered outside this district, the May Trucking Co. nevertheless resides in this district because it is subject to personal jurisdiction here. Venue is proper in the Southern District of Illinois.

Jurisdiction for the Carrettas' suit "is founded only on diversity of citizenship," meaning that the Southern District is a proper venue if it is a district in which "any defendant resides, if all defendants reside in the same State," "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or "any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." **28 U.S.C. § 1391(a) (2006).** Neither party disputes that no substantial part of the events or omissions occurred within this district. Given that there is only one defendant, May Trucking, if the defendant resides in this district then venue here is proper.

Another important factor is that May Trucking is a corporation, which means that its residence is "in any judicial district in which it is subject to personal jurisdiction at the time the

action is commenced." **28 U.S.C. § 1391(c)**. Because Illinois is a state with several judicial districts, May Trucking's residence would be in the Southern District if its contacts with the Southern District were sufficient to subject May Trucking to personal jurisdiction if the Southern District were its own state. *Id.*

Illinois employs a long-arm statute to get personal jurisdiction over appropriate out-of-state defendants. The long-arm statute permits personal jurisdiction over "a natural person or corporation doing business within this State." **735 Ill. Comp. Stat. 5/2-209(b)(4) (2008).** "Doing business" refers to an Illinois common-law doctrine in which a corporation "engages in a continuous and systematic course of business in the State" so that it is "considered a resident of Illinois and may be sued for any cause of action, regardless of whether that cause of action arose out of the corporation's actions within Illinois." *Old Orchard Urban Limited P'ship v. Harry Rosen, Inc.*, **904 N.E.2d 1050, 1057 (Ill. App. 1st Dist. 2009) (quoting** *Kostal v. Pinkus Dermatopathology Lab., P.C.*, **827 N.E.2d 1031, 1035 (Ill. App. 2005)).** This is a high standard to meet, though. *Id.* **(citing** *Kostal*, **827 N.E.2d at 1035).** Additionally, the Court must consider whether subjecting the corporation to personal jurisdiction does not violate the corporation's due process rights, i.e., whether the conduct and connection with the forum is such that the defendant should reasonably anticipate being subject to the jurisdiction of the forum. *World-Wide Volkswagen Corp. v. Woodson*, **444 U.S. 286, 297 (1980).**

May Trucking argues that it is not subject to personal jurisdiction in the State of Illinois at all, let alone the Southern District, and therefore that venue is improper. The Carretta's counter and point to the evidence of May Trucking's business dealings within the Southern District, arguing that personal jurisdiction works with Illinois's long arm statute and that there is no due process violation. The Court agrees with the Carrettas. The amount of traffic in which May Trucking

engaged in Illinois in 2008 was quite large: 2.2 million miles to be exact. Granted, it is but a fraction of May Trucking's overall yearly travel, but it is still a lot of travel within the state. Illinois courts have found that out-of-state trucking companies engaging in much smaller amounts of travel and business within Illinois than May Trucking fall under the "doing business" doctrine. *See, e.g., Colletti v. Crudele*, 523 N.E.2d 1222, 1229 (Ill. App. 1988) (finding that the defendant trucking company was doing business within Illinois to subject it to general jurisdiction, noting that although the defendant's Illinois operations were small "even $5,000 or $10,000 is a substantial amount from a number of perspectives, despite being a small percentage of a thriving company's revenues" and also that a mere dozen trips per year was "not intrinsically an insubstantial number so as to foreclose immediately consideration as to whether the trips, viewed in the light of all the case's circumstances, constitute doing business here"). As such, May Trucking is properly subject to personal jurisdiction in Illinois. Additionally, the Court cannot say that being subject in this circumstance violates due process. Persons travelling as much as May Trucking within a single state (over 2 million miles per year) should be prepared to be sued in that state, even if they travel more elsewhere. May Trucking, then, is subject to the Southern District's personal jurisdiction, so venue is proper there.

   B.  <u>Transfer</u>

Just in case the Court found venue proper within the Southern District, which it does, May Trucking asks the Court to transfer the case to the United States District Court for either the District of Oregon or the Northern District of California. The Court declines to do so.

A transfer of venue is within the Court's discretion. *N. Shore Gas Co. v. Salomon*, 642, 649 n.3 (7th Cir. 1999) (citing *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)). "[F]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." **28 U.S.C. § 1404(a);**

*see Coffey v. Van Dorn Iron Works*, **796 F.2d 217, 219 (7th Cir. 1986).** In evaluating a motion to transfer venue, factors to be considered are (1) the plaintiff's choice of forum, (2) the situs of material events, property and evidence, (3) the convenience of witnesses and (4) the convenience of the parties. ***See, e.g., Von Holt v. Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995).** In addition to these "private" factors, a court should consider the public interest or the "interests of justice." *Id.*

The plaintiffs' choice of forum is important, but when the plaintiff does not live in the chosen forum, the plaintiffs' choice is not more important than the other factors. ***See Fed. Deposit Ins. Corp. v. Citizen's Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979).** When the choice of forum is where the plaintiff lives, then the choice is significant and entitled to deference. *See Piper Aircraft Co. v. Reyno*, **454 U.S. 235, 255 (1981) ("[A] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum." (citing *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947))); *id.* at 255 n.23 ("[I]n any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." (quoting *Koster*, 330 U.S. at 524)).** In this case, the Carrettas do reside within the Southern District of Illinois, so their choice of forum is entitled to some deference. The choice-of-forum factor weighs in favor of non-transfer.

It is undisputed that the situs of the events and evidence in this case is at the place of the accident, Northern California. This factor weighs in favor of transferring venue. Additionally, most of the material events and evidence are located in Northern California, so it is likely that the witnesses are also concentrated in that District. Defendants claim that the vast majority of relevant witnesses at this point in the litigation are all from California, with the exception of the plaintiffs.

The fact that the witnesses are almost all in California favors transfer. But a trial in California would require the Illinois relatives of the deceased to present damage evidence either by deposition or live testimony. Whether the case is managed in Oregon, California or Illinois, there will be inconvenience to someone.

Looking at the parties' positions, the Court finds that it would be substantially more burdensome for the Carrettas to litigate far away on the Pacific Coast. This difficulty of the plaintiffs is in stark contrast to the difficulty of a national trucking company litigating in a forum in which it should have anticipated being amenable to jurisdiction. The difficulty imposed on May Trucking is significant, but not as significant as the difficulty of the plaintiffs were there to be a transfer of forum. This factor weighs in favor of retaining the case in the Southern District of Illinois.

Finally, with respect to the interests of justice factor, May Trucking correctly states that courts should consider their familiarity with the applicable law and whether the forum has an interest in hearing the particular case or controversy. ***See, e.g., Amoco Oil Co. v. Mobil Oil Co.*, 90 F. Supp. 2d 958, 961–62 (N.D. Ill. 2000).** May Trucking argues that, because of the location of the accident and the Illinois choice of law rules that the Court will apply, ***see Spinozzi v. ITT Sheraton Co.*, 174 F.3d 842, 844 (7th Cir. 1999) ("In the absence of unusual circumstances, the highest scorer on the 'most significant relationship' test is—the place where the tort occurred.")**, California tort law will apply. California courts are better suited to hear California law cases, and as the Carrettas' do not argue this point the Court will assume it true and note that it weighs in favor of transfer. The inquiry does not end there, though. Because May Trucking is "doing business" within this District, this Court and the citizens of this District have some interest in adjudicating the case from the defendant's perspective, which weighs in favor of not transferring. Additionally, the Carrettas reside in this district, meaning that the Court and the citizens of the District have a significant interest in hearing the case from the plaintiffs' perspective. Damages, if

awarded and proven will be localized since plaintiff's decedent and those she represents are within the Southern District of Illinois. This factor weighs strongly in favor of a southern Illinois venue.

The Court also notes another public interest factor—federal court workload—weighs heavily in favor of non-transfer. The pending caseloads[1] in the Northern District of California and the District of Oregon are significantly greater than the Southern District of Illinois.

The interests of justice, the deference that the Court will grant the plaintiffs with respect to their choice of forum, and the convenience of the parties all point to the Court retaining this case in the Southern District of Illinois.

### III.   Conclusion

Accordingly, the Court **DENIES** May Trucking's motion to dismiss (Doc. 6) or in the alternative to transfer.

**IT IS SO ORDERED.**

**DATED February 3, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1] According to the most recent available statistics, the pending cases per judge for California Northern, Oregon and Illinois Southern, respectively, were: 634, 514 and 299. *See* **http://jnet.ao.dcn/cgi-bin/cmsd2008.pl.**