IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TERESA CARRETTA, et al.**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No.  **09-158-MJR** |
| | ) | |
| **MAY TRUCKING CO.**, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to strike defendant's affirmative defenses, pursuant to Federal Rule of Civil Procedure 12(f).  **(Doc. 33).**  Plaintiffs argue that: (1) defendant's first affirmative defense– contributory negligence– does not allege facts sufficient to sustain the defense; and (2) defendant's second affirmative defense, alleging that "plaintiff's" negligence was the sole proximate cause of any injury, appears to confuse the plaintiffs' decedent and the plaintiffs.

In response, defendant cites *Payton v. Rush Presbyterian-St. Lukes Medical Center*, 184 F.3d 623, 626 (7th Cir. 1999), which adopted the proposition that a party need not "allege all or any of the facts logically entailed by the claim."  Defendant argues that Rule 8(a)(2) only requires a short, plain statement of the defense showing that it is entitled to relief.  From defendant's perspective, plaintiff is being overly formalistic.  Defendant further contends the relevant facts may be inferred from the complaint.  If the affirmative defenses are stricken, defendant asks that it be permitted to file an amended answer reasserting the affirmative defenses if discovery uncovers the necessary factual support.  **(Doc. 39).**

1

As a preliminary matter, it is noted that although affirmative defenses are matters of substantive law, their application and the mechanics by which they may be utilized are matters of procedure and therefore governed by federal law.  ***Kincheloe v. Farmer*, 214 F2d 604, 605 (7th Cir. 1954).**  Federal Rule of Civil Procedure 8(c) requires that any "avoidance or affirmative defense" be plead.  Federal Rule of Civil Procedure 8(a) requires only a short, plain statement of a claim. Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. ***Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).**  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Id.* at 556.** The claim must be "plausible," raising "a reasonable expectation that discovery will reveal evidence" supporting the allegations.  ***Id.***  Hence, the so-called "liberal notice pleading" standard.  ***Brooks v. Ross*, 578 F.3d 574, 580-581 (7th Cir. 2009).**

The Court may strike any defense that is insufficient or any redundant, immaterial, impertinent, or scandalous matter. **Fed.R.Civ.P. 12(f).**  "Motions to strike 'are "not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense,"' *Glenside West Corp. v. Exxon Co.,* 761 F.Supp. 1100, 1115 (D.N.J.1991) (quoting *Durham Indus. v. North River Ins. Co.,* 482 F.Supp. 910, 913 (S.D.N.Y.1979)), and are inferable from the pleadings, *see United States v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir.1975)." ***Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991).**  Although motions to strike are disfavored, they may be granted when it is appropriate to remove clutter from the case.  ***Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989).**  The striking of affirmative defenses is

typically a matter of formalism with little or no substantive impact.  *Amelio v. Yazoo Manufacturing Co.*, **98 F.R.D. 691, 693 (N.D. Ill. 1983).**

The Court of Appeals for the Seventh Circuit has acknowledged that there is a split among the judicial circuits regarding how to define "affirmative defense" for purposes of Rule 8(c).  *Carter v. U.S.*, **333 F.3d 791, 796 (7th Cir. 2003).**  Although there is still no clear, full resolution of the issue, the Court of Appeals for the Seventh Circuit has found that complete *and* partial defenses fall within the ambit of Rule 8(c).  *A.D.E., Inc., v. Louis Joliet Bank and Trust Co.*, **742 F.2d 395, 397 (7th Cir. 1984).**  For example, damages caps and comparative negligence have specifically been deemed affirmative defenses for purposes of Rule 8(c).  *Carter v. U.S.*, **333 F.3d 791, 796 (7th Cir. 2003).**  Each of the disputed affirmative defenses **(Doc. 28, pp. 26-27)** will be addressed in turn, based on the aforementioned principles.

Relative to the First Affirmative defense pertaining to contributory negligence, it is clear that defendant has set forth nothing more than "boilerplate" language, without any reasonable factual basis.  Although some of the language might have been sufficient in a different sort of accident, the same language is glaringly inappropriate in a rear-end crash such as the one at issue in this case– at least without some indication of the factual basis for the defenses.  The complaint alleges a rear-end crash, wherein the plaintiffs' decedent was stopped in a line of traffic at a bridge crossing when the defendant's truck driver hit the line of stopped vehicles. Defendant suggests no other facts.  Therefore it is not reasonably plausible that the plaintiffs' decedent failed to keep a proper lookout, failed to obey Illinois traffic controls and right of way laws (in California), failed to avail "herself" of a safer means of conducting "her" activities, carelessly and negligently failed to observe and avoid an open and obvious condition, or was "otherwise"

careless and negligent.  Defendant's First Affirmative Defense is insufficient in light of **Bell Atlantic Corp. v. Twombly,** **550 U.S. 544,  (2007).**  Although the First Affirmative Defense will be stricken, *if* defendant uncovers some factual basis for alleging contributory negligence, defendant may move to amend its answer in order to asserts such an affirmative defense.

Defendant's Second Affirmative defense also fails.  The "sole proximate cause" defense is drafted to indicate that the "plaintiff", rather than the plaintiffs' decedent" was the sole proximate cause of "plaintiff's" injuries and damages.  The defense also references " some other tortfeasor," without any suggestion of a factual basis for such a claim.  The drafting errors alone render this affirmative defense too unintelligible to proceed as drafted.  Therefore, defendant's Second Affirmative defense will be stricken.  *If* defendant uncovers some factual basis for alleging contributory negligence, defendant may move to amend its answer in order to asserts such an affirmative defense.

**IT IS HEREBY ORDERED** that, for the aforementioned reasons, plaintiffs' motion to strike (**Doc. 33**) is **GRANTED**;  Affirmative Defenses Nos. 1 and 2 are **STRICKEN**.

**IT IS SO ORDERED.**

**DATED: March 11, 2010**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**