IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERESA CARRETTA, et al.**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No.  **09-158-MJR** |
| ) | |
| **MAY TRUCKING CO.**, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant May Trucking Company's "Motion to Compel and for Extension of Expert Disclosure Deadline." (Doc. 60.)  Per the Court's order dated July 29, 2010, discovery was to be completed by August 30, 2010.  (Doc. 52.)  Per Federal Rule of Civil Procedure 26(a)(2)(C), expert disclosures were due by September 13, 2010.

The defendant asserts that plaintiffs "failed to disclose a significant amount of financial information, and only disclosed employment and financial information and sources at the time of Teresa Carretta's deposition, which was completed on July 15, 2010."  Defendant also contends that, in connection with subpoenas for records issued on August 9, 2010, plaintiffs were sent authorization forms that needed to be completed, but those forms have never been completed, despite subsequent requests.  Without the authorizations, defendant is unable to obtain records needed before any meaningful expert disclosure can be made.  Defendant argues that it has been prejudiced by "plaintiff's [sic] overt failure to cooperate and respond in a timely manner to requests." (Doc. 60.)

Plaintiffs respond that all required disclosures have been made, all *formal* discovery

requests have been complied with in a timely manner, and plaintiff Teresa Carretta's deposition has been taken. According to plaintiffs, they executed the one form they were sent, relative to medical records, and medical records were turned over in March. Furthermore, plaintiffs note that they disclosed employment information for the decedent and copies of earnings records on April 10, 2010. With respect to the identification of the decedent's brother, according to the plaintiffs, no formal request for that information was made until Teresa Carretta's deposition. Plaintiffs object to reopening discovery and allowing the belated disclosure of defendant's expert because there is insufficient time to depose and, if necessary, rebut such an expert. (Doc. 63.)

The defendant did not file a reply to the plaintiffs' response. Rather, defendant moved for oral argument, arguing that a hearing "will eliminate the need for contentious discovery motions." (Doc. 66.) Thus, the plaintiffs' evidence and assertions remain unrebutted.

A review of the record reveals that, prior to filing the subject motion, defendant filed a motion requesting the Court reconsider the July 29, 2010, scheduling order. (Doc. 55.) By order dated September 16, 2010, the Court declined to reconsider the schedule, explaining that the Court's trial calendar could only be adjusted in the rarest and most extraordinary circumstances, which were not present in this case. (Doc. 61.) The Court's order explained the procedures to be followed for formalizing any alternate deadlines agreed to by the parties. The Court also observed that consenting to have this case decided by a Magistrate Judge would permit a more accommodating pretrial schedule. Thus, the defendant should not be surprised that the Court's trial calendar is no more accommodating at this juncture.

Insofar as the defendant asserts that it has been prejudiced by "plaintiff's [sic] overt failure to cooperate and respond in a timely manner to requests," the Court observes that all of the issues defendant has raised are informal discovery requests, not required disclosures, interrogatories or requests for production directed at plaintiffs.  The Rules of Civil Procedure provide a framework and mechanisms for obtaining discovery.  Defendant did not utilize formal procedures or memorialize any agreement between the parties; therefore, there is nothing for the Court to enforce or compel and defendant's motion must be denied in all respects.

By not extending the period for discovery and the time within which to disclose an expert, this Court has, in effect, barred defendant from presenting any expert at trial.  *See* Fed.R.Civ.P. 26(a)(2)(B).  However, the trial judge has the final say regarding all evidentiary matters.  In any event, it is not readily apparent that this bar is fatal to the defense of this case.  Therefore, again, the Court does not find any extraordinary circumstance for altering the current pretrial and trial schedule.

**IT IS HEREBY ORDERED** that defendant May Trucking Company's "Motion to Compel and for Extension of Expert Disclosure Deadline" (Doc. 60) is **DENIED** in all respects.  The July 29, 2010, scheduling order remains in effect.

**IT IS SO ORDERED.**

DATED: October 13, 2010

                                                **s/ Clifford J. Proud**
                                                **CLIFFORD J. PROUD**
                                                **U. S. MAGISTRATE JUDGE**