IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERESA CARRETTA, et al.**, )  | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No.  **09-158-MJR** |
| ) | |
| **MAY TRUCKING CO.**, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to quash four subpoenas issued by the defendant to Collins Management, Yahoo!, Inc., Carole Carretta and Jimmy Carretta.  (Doc. 67.) The depositions of Carole Carretta and Jimmy Carretta were noticed on or about August 26, 2010, to occur on August 26th.  Plaintiffs subsequently informed the Court of the noticed deposition of Kathy Frederico, a representative of Jack Schmitt, which is scheduled for August 27th.  (Doc. 71; *see also* Doc. 67-4.)  Subpoenas were issued on or about September 3rd and 15th, to Collins Management and Yahoo!, seeking the production of records on September 17, 2010. Plaintiffs seek to enforce the August 30, 2010, discovery cutoff.  (*See* Doc. 52.)

The defendant responds that the parties agreed to extend the discovery deadline. Defendant cites a letter dated August 16, 2010, from defense counsel to plaintiffs' counsel, purporting to memorialize and agreement to extend discovery to an unspecified date, due to a scheduling conflict regarding the Carretta depositions and defendant's need to do a "significant" amount of discovery.  The letter ends with the following: "Please let me know if you have any issues with the above.  Again, I do appreciate your agreement to extend discovery."  (Doc. 70.)

1

In reply, plaintiffs argue that they did not agree to extend discovery; rather, they agreed not to oppose defendant's efforts to have the Court extend the pretrial schedule and discovery cutoff. (Doc. 71.)

A review of the record reveals that the Court's March 1 and July 29, 2010, scheduling orders informed the parties that any agreement to modify the "interim" discovery deadlines imposed by the Court had to be in writing if it were to be enforced by the Court. (Docs. 35 and 52.) The defendant's August 16, 2010, letter is attempting to memorialize the alteration of the ultimate discovery cutoff, not an interim discovery deadline. Nevertheless, by its very terms, the letter reflects that the parties did <u>not</u> have a meeting of the minds. Although the Court failed to specify that the memorialization of any agreement should be signed by all parties, such a requirement is implicit. With all of that said, there is no indication that plaintiffs ever objected to the defendant's proposal when invited to do so. Therefore, the Court does not find any enforceable agreement to extend the discovery deadline per se.

Although the discovery deadline has passed, the Court is troubled by the fact that the correspondence between counsel clearly reflects an agreement to informally reschedule the Carretta depositions to a date after the close of discovery, due to scheduling conflicts. This practice is quite common and is consistent with Local Rule 26.1(d), which mandates cooperative discovery arrangements. Therefore, plaintiffs' protestation that allowing the Carretta depositions at this late date would prejudice plaintiffs because they would not have time to obtain rebuttal information or depositions rings hollow. Moreover, plaintiffs ignore the fact that someone always has the *last* discovery request, which necessarily means that the opponent does not have an opportunity to gather any additional discovery. Therefore, the Court will permit the Carretta

depositions to go forward as scheduled.  Similarly, the Jack Schmitt representative's deposition may be taken because it was noticed prior to the close of discovery and plaintiffs did not move to quash the deposition at that time.

The subpoenas issued to Collins Management and Yahoo! are clearly out of time– issued after the close of discovery.  Therefore, they will be quashed.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to quash (Doc. 67) is **GRANTED IN PART AND DENIED IN PART**.  The depositions of Carole Carretta, Jimmy Carretta and a representative of Jack Schmitt may be taken by defendant.  The subpoenas issued to Collins Management and Yahoo!, Inc., are both **QUASHED**.

**IT IS SO ORDERED.**

**DATED: October 13, 2010**

                **s/ Clifford J. Proud**
                **CLIFFORD J. PROUD**
                **U. S. MAGISTRATE JUDGE**