IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TERESA CARRETTA, et al.**,        )
                                    )
                Plaintiffs,         )
                                    )
V.                                  )        Civil No.  **09-158-MJR**
                                    )
**MAY TRUCKING CO.**,               )
                                    )
                Defendant.          )

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion seeking discovery sanctions against the defendant, May Trucking Company, pursuant to Federal Rule of Civil Procedure 37(c).  (Doc. 80.)  More specifically, plaintiffs contend that 1,127 pages responsive to a July 28, 2010, subpoena were not disclosed until October 26, 2010– almost two months after the close of discovery.   Plaintiffs claim the late production of 92 pages from Dorris Intermediate School, including an email from Teresa Carretta, is prejudicial and defendant should be barred from using those documents in any motion, hearing or at trial.  Plaintiffs also indicate that defense counsel made similar late disclosures in another case, intimating that this was not an innocent error.

Although the defendant has yet to respond to the motion for sanctions, a review of the documentation attached to the plaintiffs' motion reveals that defense counsel asserts that a copying service mistakenly sent plaintiff a photocopy of two computer discs, rather that sending the contents of the two discs.  (Doc. 80-4, p. 4.)  Plaintiffs acknowledge receiving the photocopy of the discs on September 28, 2010.  (Doc. 80, p. 2.)  However, the omission of the documents

1

did not come to light until a deposition in late October.  (Doc. 80, p. 3.)  Given the limited amount of time before trial, the Court will not await defendant's formal response to the motion.

The Court does not perceive that the defendant intentionally withheld documents. Furthermore, considering the wage loss claim and the associated burden of proof, and the Teressa Carretta email in particular, the Court is not persuaded that the plaintiffs will be prejudiced if defendant is permitted to introduce the documents that were belatedly produced. Plaintiffs have sufficient time to review 1,127 pages before trial.[1]  Whether the documents will be admissible at trial is for the trial judge to determine, but this Court does not consider that evidentiary consideration to be dispositive to this discovery dispute.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for sanctions (Doc 80) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 10, 2010**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

---

[1] The record reflects that one party has filed a consent to try this case before a magistrate judge.  As Judge Reagan has previously pointed out, if all parties consent, the existing dates will be vacated, and a new schedule will be set.